UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GREGORY HARVEY,

                        Plaintiff,

v.                                                  9:09-CV-0518 (GTS/RFT)

JOHN GROW, Supreme Court Justice;
SAMUEL HESTER, Supreme Court Justice; and
JUDGE SAHEEN, Supreme Court Justice,

                        Defendants.

---

APPEARANCES:

GREGORY HARVEY, 07-A-3479
  Plaintiff, *Pro Se*
Sing Sing Correctional Facility
354 Hunter St.
Ossining, NY 10562

HON. GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

Currently before the Court in this *pro se* prisoner civil rights action is a motion to proceed *in forma pauperis*, filed by Gregory Harvey ("Plaintiff").[1] (Dkt. No. 3.) For the reasons stated below, Plaintiff's Complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A for failure to state a claim upon which relief might be granted, and his motion to proceed *in forma pauperis* is denied as moot.

**I.    PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***

---

[1] Plaintiff has filed five other actions in the Northern District of New York since February 2, 2009. *See Harvey v. Farber*, 9:09-CV-0152 (TJM/GHL); *Harvey v. Harder*, 9:09-CV-0154 (TJM/DRH); *Harvey v. Correction Officers 1-6*, 9:09-CV-0517 (LEK/GHL); *Harvey v. Sawyer*, 9:09-CV-0598 (FJS/DRH); *Harvey v. Luther*, 9:09-CV-0599 (DNH/GJD).

After reviewing the information that Plaintiff provided in his motions to proceed *in forma pauperis*, the Court concludes that he meets the financial criteria for commencing this action *in forma pauperis*. (Dkt. Nos. 3, 4.) Therefore, the Court must now consider the sufficiency of the allegations that he has set forth in his Amended Complaint in light of 28 U.S.C. §§ 1915, 1915A. This is because Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2] Moreover, 28 U.S.C. § 1915A(a) directs that the Court review a complaint in a civil action "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and directs that the Court dismiss the complaint if it is frivolous, malicious, or fails to state a claim on which relief may be granted.

## II.     ANALYSIS OF PLAINTIFF'S COMPLAINT

In his *pro se* Complaint, Plaintiff complains of judicial rulings made by each of the three Defendants in their capacities as Justices of the New York Supreme Court, Oneida County. (*See* Dkt. No. 1.) According to Plaintiff, Defendants issued rulings regarding {laintiff's confinement at the Central New York Psychiatric Center without proper evidence and in violation of Plaintiff's constitutional rights. (*Id*.) As relief for his injuries, Plaintiff seeks compensatory and punitive damages. (*Id*.) For a complete statement of Plaintiff's allegations, reference is made to the Complaint.

---

[2]     To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"Judicial immunity has been created both by statute and by judicial decision 'for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005) (*quoting Pierson v. Ray*, 386 U.S. 547, 554 [1967]). The law in this Circuit clearly provides that "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction.'" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (quoting *Pierson*, 386 U.S. at 554 ). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young*, 41 F.3d at 51 (internal quotations omitted). Thus, under the common law doctrine of judicial immunity, a judge is absolutely immune from a suit for monetary damages unless (1) the actions giving rise to the suit were "not taken in the judge's judicial capacity" or (2) the suit arises from actions that the judge took "in the complete absence of all jurisdiction." *Huminski v. Corsones*, 386 F.3d 116, 137-38 (2d Cir. 2004) (citations omitted); *Gonzalez v. Sharpe*, 06-CV-1023, 2006 WL 2591065, at * 2 (N.D.N.Y. Sep. 8, 2006) (Scullin, S.J.).[3]

In sum, the proper avenue for challenging a judicial determination is on direct appeal, not by seeking a declaration that the presiding judge's decision violated the litigant's constitutional rights. *Montesano v. New York*, 05-CV-9574, 2006 WL 944285, at *4 (S.D.N.Y. Apr. 12,

---

[3] Similarly, injunctive relief is not available in a Section 1983 action against a judicial officer for acts taken in that official's judicial capacity "unless a declaratory decree was violated or declaratory relief was unavailable." *See Gonzalez*, 2006 WL 2591065, at * 2. This provision, enacted in 1996 as Section 309(c) of the Federal Courts Improvement Act, Pub. L. No. 104-317, 110 Stat. 3847 (1996), legislatively reversed the decision in *Pulliam v. Allen*, in which the Supreme Court held that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984).

2006).[4]  "Neither damages, injunctive nor declaratory relief is available to be used as a vehicle for disgruntled litigants to reverse adverse judgments." *Montesano*, 2006 WL 944285, at *4.

According to Plaintiff's own factual allegations, his claims against Justices Grow, Hester and Saheen arise solely out of the performance of their judicial duties in presiding over proceedings brought in the Oneida County Supreme Court and determining the issues presented therein.  Redress of Plaintiff's claims lies, if at all, with the New York State courts.

## III.   CONCLUSION

The Court has thoroughly and liberally reviewed plaintiff's complaint.  On the basis of that review, the Court finds that the defendants enjoy absolute immunity from liability on plaintiff's claims.  The complaint therefore fails to state a claim upon which relief may be granted by this Court and is patently frivolous on its face.  Accordingly, this action is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B); *Neitzke*, 490 U.S. at 328.

The Court notes that, generally, when a *pro se* action is dismissed *sua sponte*, the plaintiff will be allowed to amend his complaint.  *See Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding that repleading would be futile) [citation omitted]; *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a

---

[4]  The First Amendment grants the individual the right to sue in court, but does not afford a litigant the right to obtain a particular result.  Thus, an adverse judicial decision does not constitute a violation of the right to petition the government for the redress of grievances.  Similarly, dissatisfaction with a court's ruling does not amount to a deprivation of a litigant's due process rights.  *See Montesano*, 2006 WL 944285, at *3 (citing cases).

complaint should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice) [citation omitted]; *cf. Gomez*, 171 F.3d at 796 (granting leave to amend is appropriate "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."), *accord*, *Abbas*, 480 F.3d at 639. Here, for the reasons discussed above, the Court finds that the problems with Plaintiff's claims against the Defendants are substantive. As a result, providing an opportunity to amend would be futile.

Finally, in light of the dismissal of Plaintiff's Complaint, his motion to proceed *in forma pauperis* is denied as moot.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 3) is **DENIED as moot**.

Dated: June 2, 2009
      Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge